David Abrams, Attorney at Law #3051604
PO Box 3353 Church Street Station
New York, New York 10008
Tel. 212-897-5821 Fax 212-897-5811
dnabrams@gmail.com

**FILED**

APR 22 2022

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY ___BT___
DEPUTY CLERK

United States District Court
Western District of Texas

**TO BE FILED UNDER SEAL**

---

United States of America ex rel.
GNGH2 Inc.,
c/o David Abrams
PO Box 3353 Church St Stn
New York, NY 10008

   Plaintiff-Relator,

  - against -

SEVEN HILLS INC.
5010 Lenker St Suite 100,
Mechanicsburg PA 17050;

   Defendant.

Index No.:

SA22CA0399 JKP

<u>Complaint</u>

---

Plaintiff-Relator, complaining of the Defendant by its attorney, David Abrams, Attorney at Law, respectfully sets forth and alleges as follows:

## I. Nature of the Case

1. This is a false claims act claim. The Qui Tam Plaintiff and Relator, GNGH2 Inc. ("Relator"), alleges that the Defendant fraudulently obtained disaster relief under the Restaurant Revitalization Act means of fraudulent certifications of eligibility.

## II. Parties

2. Plaintiff-Relator GNGH2 is a New Jersey corporation.

3.  Defendant Seven Hills Inc. ("Seven Hills") is a Pennsylvania Corporation with a principle place of business in Mechanicsburg, Pennsylvania.

4.  Seven Hills operates a number of restaurants throughout the United States.

**III   Jurisdiction and Venue**

5.  This Court has Federal Question jurisdiction over this matter in that Relator asserts claims under the False Claims Act, a federal statute.

6.  This Court has personal jurisdiction over the Defendant in that personal jurisiction under the False Claims Act is based on the Defendants' contacts with the United States as a whole.  In this case, the Defendant is located in the United States and in any event this matter arises from the Defendant's application for and receipt of a federal grant.

7.  This matter is venued in the Western District of Texas based on the Defendant's operation of a Sbarro restaurant in San Antonio, Texas.

**V.   Background**

8.  Throughout most of 2020, the United States was faced with a large scale outbreak of the virus commonly known as "Coronavirus" and "COVID-19."  (the "Coronavirus Epidemic").

9.  In addition to the Coronavirus Epidemic itself, the United States was faced with large scale outbreaks of panic and hysteria as a result of the Coronavirus Epidemic.

10. All of the above has resulted in major economic disruption and as a result Congress enacted various measures including the Restaurant Revitalization Act ("RRA") which was intended to provide relief to restaurants and small restaurant chains which lost business due to lockdowns and other measures which were enacted as a result of the above-described hysteria.

11.     The Defendant applied for and received relief under the RRA as follows:

| Date | Party | Amount |
|---|---|---|
| 5/22/2021 | Seven Hills Inc. | $8,891,996.94 |

12.     The Defendant was too large in terms of it operations to qualify for such relief and fraudulently certified as to its eligibility.

### VI.    (Count I) Violation of the False Claims Act

13.     The False Claims Act imposes liability on a person or entity who " knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim" 31 U.S.C. Section 3729(a)(1)(B)

14.     The Courts have held that this can include false statements regarding eligibility to participate in a program.  See *United States ex rel. Kirk v. Schindler Elevator Corp.*, 601 F.3d 94, 116 (2d Cir. 2010), rev'd on other grounds, 131 S.Ct. 1885 (2011) ("[C]laims may be false even though the services are provided as claimed if, for example, the claimant is ineligible to participate in the program.")

15.     Thus, the Defendants' certifications of eligibility violated the False Claims Act because they were false and required for eligibility for disaster relief.

### VII.   Relief Sought

16.     On behalf of the government, Relator is seeking judgment for  the triple damages and civil penalties set forth in 31 U.S.C. Section 3729.

17.      The Defendants received at least approximately $8,891,996.94 in disaster relief as a result of the certifications set forth above.

18.     Accordingly, Relator seeks judgment in the amount of $26,675,990.82 against the Defendants and in favor of the United States, together with costs, interest, civil penalties, an appropriate qui tam award, and such other and further relief as the Court deems just.

Respectfully submitted,

*/s/ David Abrams*

David Abrams, Attorney at Law
 Attorney for Relator
GNGH2 Inc.

PO Box 3353 Church Street Station
New York, NY 10008
Tel. 212-897-5821
dnabrams@gmail.com

Dated: New York, NY
       April 21, 2022